**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jack Martin VOSE, Defendant–
Appellant.**

No. 15–10120.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 15, 2015.

Angela Walker Woolridge, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jack Martin Vose, pro se.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Jack Martin Vose appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vose contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir.2009) (per curiam). Vose is not entitled to a sentence reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rather, his sentence was based on the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(vii). The district court properly denied relief.[1] *See Paulk,* 569 F.3d at 1095–96.

Vose's additional claims do not support relief under section 3582(c)(2). *See Dillon v. United States,* 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (section 3582(c) does not permit a "plenary resentencing hearing").

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Vose's contention that he was not subject to the enhanced mandatory minimum because the judgment does not cite 21 U.S.C. § 851(a) is unavailing. The mandatory minimum is set forth in 21 U.S.C. § 841(b)(1)(B)(vii).